# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **TWILA DANIELS,** | |
| *Plaintiff*, | Case No: 8:24-cv-541 |
| v. | |
| **CLARITY SERVICES, INC.,** | **JURY TRIAL DEMANDED** |
| *Defendant*. | |

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, Twila Daniels ("Ms. Daniels"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, Clarity Services, Inc. ("Clarity"), stating as follows:

## PRELIMINARY STATEMENT

1. This is an action brought by Ms. Daniels against the Defendant for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, as the FCRA is a federal statute.

3. The Defendant is subject to the jurisdiction of this Court pursuant to § 48.193(1)(a)(1), Fla. Stat., and Fed. R. Civ. P. 4(k).

4. Venue is proper in the Middle District of Florida because the acts complained of were committed and/or caused by the Defendant within Hillsborough County, which is in the Middle District.

## PARTIES

### Ms. Daniels

5. Ms. Daniels is a natural person residing in the City of Tampa, Hillsborough County, Florida.

6. Ms. Daniels is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

7. Clarity is a Delaware corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8. Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 32301.

9. Clarity is a *Consumer Reporting Agency* ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Clarity's Inaccurate Consumer Reports Regarding Ms. Daniels

10. At some point prior to 2017, Clarity began maintaining a credit file on Ms. Daniels.

11. On or about August 8, 2017, Clarity began reporting a loan balance of $230 was owed to "Creditserve/Loanatlast." **SEE PLAINTIFF'S EXHIBIT A.**

12. "Creditserve / Loanatlast" refers to Creditserve, Inc., a Los Angeles-based company which operates the online lending platform Loan At Last.

13. Loan At Last is ostensibly operated by Niizhwaaswi, LLC, a tribally-chartered limited liability company.

14. Loan At Last makes small-dollar, short-term, online "payday" loans to consumers at interest rates usually exceeding 700% annually.

15. As of February 23, 2023, the "Creditserve/Loanatlast" tradeline indicated a "current loan amount" of $300, a "current balance" of "$230," and a "date last updated" of August 8, 2017.

16. Thus, as of February 23, 2023, more than six years had passed since any update or change had been made to the "Creditserve/Loanatlast" tradeline.

17. On or about May 3, 2023, Niizhwaaswi agreed that Ms. Daniels' loan was settled with a $0 balance.

18. The "Creditserve/Loanatlast" tradeline is thus inaccurate, as the balance on the account is $0.

19. Around May 16, 2021, Clarity reported a loan balance of $2,114 was owed by Ms. Daniels to "WLCC Lending AIL," which refers to the online lender Good Loans Fast.

20. Good Loans Fast makes short-term, small-dollar payday loans to consumers at interest rates typically over 700% annually.

21. The "WLCC Lending AIL" tradeline indicates $2,114 is owed, yet – somehow – the "next payment amount" is $4,228, e.g., *twice* the total amount owed.

22. The "WLCC Lending AIL" tradeline has not been updated by Clarity since May 16, 2021.

23. In October 2022, Ms. Daniels' Good Loans Fast loan was cancelled, with the outstanding balance reduced to $0.

24. Further, in or around October 2022, the creditor of the Good Loans Fast loan instructed Clarity that it should delete the entire tradeline.

25. Despite this, Clarity continued to report – and continues to report, as of the date of this filing – that a $4,228 "next payment amount" is accurate.

26. Clarity's reporting is therefore false, as the Good Loans Fast loan should not report at all, or at a minimum, should indicate a $0 balance.

27. Around January 16, 2023, Clarity reported a $2,346 balance was owed to CheckAdvanceUSA.net, yet another online lender making loans to consumers at 700% interest rates and higher.

28. Ms. Daniel's CheckAdvanceUSA account was settled with a $0 balance in January 2023.

29. The CheckAdvanceUSA tradeline has not been updated by Clarity since January 16, 2023.

30. Further, the creditor specifically instructed Clarity that it should delete the tradeline in or around January 2023.

31. Clarity's reporting is therefore false, as the CheckAdvanceUSA loan should not report at all, or at a minimum, should indicate a $0 balance.

32. As the above indicates, Clarity lacks reasonable procedures designed to ensure the maximum possible accuracy of the consumer reports it sells.

33. The overwhelming majority of Clarity's data furnishers are short-term, small-dollar lenders; as such, allowing information to remain non-updated for six years or more virtually guarantees reports will be sold with stale, outdated, and erroneous information.

34. Beyond this, Clarity's systems are programmed to report as much information as possible, with little regard to the quality of the data, or if the data could even possibly be true.

35. For example, Clarity reports Ms. Daniels' occupation as "Employee" and "NA," with a pay frequency of "S," although there is no indication of what "S" is. **SEE PLAINTIFF'S EXHIBIT B.**

36. Clarity reports a 36-month length of employment history as of August 5, 2019, but also a 12-month length of employment history as of June 25, 2019 – contradictory data that Clarity should be well-aware cannot be true in both instances. *Id.*

37. Records from Clarity show it sold at least 30 reports regarding Ms. Daniels in the past two years.

38. Each of these reports contained the inaccurate Loan At Last, CheckAdvanceUSA and Good Loans Fast tradelines.

39. Each of these reports contained the inaccurate employment history, occupation, and pay history.

40. Clarity, a subsidiary of Experian Information Solutions ("Experian"), one of the largest CRAs in the world, operates in stark contrast to its parent company.

41. While Experian enforces Metro 2 guidelines – industry standards which contain hundreds of pages of explanation on how to report information, covering almost any conceivable scenario, and which is used by other large CRAs and serves as a *lingua franca* – Clarity requires no such compliance with Metro 2 guidelines and has no discernable quality-assurance standards.

42. Indeed, Clarity frequently reports lengths of employment that exceed 1 Million years, lengths of residential history that exceed 1 Million years, and other information clearly false.

43. The FCRA is clear in its requirement that Clarity, as a CRA, is required to prepare accurate reports:

> Accuracy of Report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. *15 U.S.C. §1681e(b).*

44. Clarity was required to follow reasonable procedures to assure maximum possible accuracy of the information concerning Ms. Daniels.

45. Clarity was thus aware that when it sold reports on Ms. Daniels in the last two years that, under a best-case scenario, it was selling data which was in some cases more than a half-decade out-of-date and other information it knew it had gathered without regard to accuracy or completeness.

### Clarity's February 23, 2024, Disclosure to Ms. Daniels

46. On February 23, 2024, Ms. Dainels requested her Clarity consumer credit disclosure.

47. Upon receipt of Ms. Daniels' request, Clarity was required to "clearly and accurately" disclose all information in Ms. Daniels' file at the time of her request, including identification of *each* person, including an end user if the report was obtained by a reseller, who obtains a consumer report from Clarity within the prior year *for any purpose*. See 15 U.S.C. § 1681g(a)(3)(A)(ii).

48. "Identification" is defined in the FCRA as "the name of the person or, if applicable, the trade name (written in full) under which such person conducts business." 15 U.S.C. § 1681g(a)(3)(B)(i).

49. Frequently, Experian fails to even come close to fulfilling its legal obligations to disclose this data, often disclosing incomprehensible combinations of letters as the purported end user of its consumer reports.

50. For example, Clarity disclosed a hard inquiry made on February 15, 2024 as such:

| 2/15/2024 1:47:39 pm EST qr066brjsv | Credit Application | Online Line of Credit | CCB/TLS/MK Analytics/Propel |

**SEE PLAINTIFF'S EXHIBIT C.**

51. Clarity therefore disclosed four different persons supposedly all making the single credit inquiry, without indication of which entity or entities actually requested the report.

52. Three of these entities were disclosed using abbreviations that no reasonable consumer would understand.

53. Indeed, Ms. Daniels, upon receipt of her Clarity disclosure, did not know who obtained her credit report on February 15, 2024 or what the inquiry was for.

54. Clarity disclosed another hard inquiry to Ms. Daniels from February 15, 2024, as such:

| 2/15/2024 1:47:44 pm EST x27j9pv534 | Credit Application | Online Installment Loan | Orrick/Atlas/Fawkes |

55. Once again, Clarity disclosed three potential end-users for a single credit application.

56. Clarity does not provide consumers with a guide or legend to assist in decoding its inquiries.

57. As a result of the Defendant's actions, Ms. Daniels has suffered damages, including lost financial opportunities, loss of credit, lower credit scores, significant emotional distress and aggravation, and damage to her reputation.

58. Ms. Daniels has also been denied information she is legally entitled to – the identity of the end-user of her consumer reports.

59. Ms. Daniels has hired the undersigned law firm to represent her in this matter and has assigned the firm her right to fees and costs.

## COUNT I
## WILLFUL VIOLATIONS OF 15 U.S.C. § 1681e(b)

60. Ms. Daniels adopts and incorporates paragraphs 1 – 59 as if fully stated herein.

61. Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports sold regarding Ms. Daniels when Clarity sold consumer reports containing out-of-date tradeline information for at least three loans, each of which should have reflected a $0 balance and at least two of which should not have reported at all.

62. Clarity has been sued on numerous occasions for very similar situations and knows that it frequently sells reports with out-of-date, false tradeline information.

63. Clarity's conduct was thus willful, or done with a reckless disregard for Ms. Daniels's rights under the FCRA.

64. As a result of its conduct, Clarity is liable to Ms. Daniels pursuant to the FCRA for the greater of Ms. Daniels' actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, per 15 U.S.C. § 1681n.

**WHEREFORE**, Ms. Daniels respectfully requests this Honorable Court enter judgment against Clarity for:

  a. The greater of Ms. Daniels' actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

  b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

  c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

  d. Such other relief that this Court deems just and proper.

## COUNT II
## NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681e(b)

### Pled in the Alternative to Count I

65. Ms. Daniels adopts and incorporates paragraphs 1 – 59 as if fully stated herein.

66. Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports sold regarding Ms. Daniels when Clarity sold consumer reports containing out-of-date tradeline information for at least three loans, each of which should have reflected a $0 balance and at least two of which should not have reported at all.

67. Clarity owed Ms. Daniels a legal duty to utilize reasonable procedures to assure the maximum possible accuracy of its consumer reports regarding Ms. Daniels.

68. Clarity breached this duty when it sold consumer reports containing out-of-date tradeline information for at least three loans, each of which should have reflected a $0 balance and at least two of which should not have reported at all.

69. Clarity thus acted negligently, and Ms. Daniels is entitled to her actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Ms. Daniels respectfully requests this Honorable Court enter judgment against Clarity for:

a. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and

c. Such other relief that this Court deems just and proper

## COUNT III
## CLARITY'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(3)(A)(ii)

70. Ms. Daniels adopts and incorporates paragraphs 1 - 59 as if fully stated herein.

71. Clarity violated **15 U.S.C. § 1681g(a)(3)(A)(ii)** when it failed to identify each person, including the end-user, when applicable, that procured Ms. Daniels' consumer report during the one-year period preceding the date on which the request was made.

72. Clarity has been notified through litigation that its disclosures to consumers fail to properly disclose the end-users of its consumer reports.

73. Clarity's conduct was thus willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide clear and accurate disclosures.

74. As a result of its conduct, Clarity is liable to Ms. Daniels pursuant to the FCRA for the greater of Ms. Daniels' actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, per 15 U.S.C. § 1681n.

**WHEREFORE,** Ms. Daniels respectfully requests this Honorable Court enter judgment against Clarity for:

a. The greater of Ms. Daniels' actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

### COUNT IV
### CLARITY'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(3)(A)(ii)

**Pled in the alternative to Count III**

75. Ms. Daniels adopts and incorporates paragraphs 1 - 59 as if fully stated herein.

76. Clarity violated **15 U.S.C. § 1681g(a)(3)(A)(ii)** when it failed to identify each person, including the end-user, when applicable, that procured Ms. Daniels' consumer report during the one-year period preceding the date on which the request was made.

77. Clarity owed Ms. Daniels a legal duty to disclose this information.

78. Clarity breached this duty when it failed to identify each end user upon Ms. Daniels' request.

79. Clarity thus acted negligently, and Ms. Daniels is entitled to her actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE,** Ms. Daniels respectfully requests this Honorable Court enter judgment against Clarity for:

a. Ms. Daniels' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on February 29, 2024, by:

**SERAPH LEGAL, P.A.**

/s/ *Bryan J. Geiger*
Bryan J. Geiger, Esq.
Florida Bar Number: 119168
BGeiger@seraphlegal.com
2124 W. Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230 (Ext: 303)
Fax: 855-500-0705
*Counsel for Plaintiff*

## ATTACHED EXHIBIT LIST

A    Plaintiff's Clarity Disclosure, February 23, 2024, Tradelines Excerpt
B    Plaintiff's Clarity Disclosure, February 23, 2024, Employment Information
C    Plaintiff's Clarity Disclosure, February 23, 2024, Inquiries Excerpt